# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3429 | **DATE** | 12/10/2012 |
| **CASE TITLE** | UNA Worldwide, LLC vs. Robert Orsello *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' Rule 12(b)(6) Motion to Dismiss Count IV [9] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff UNA Worldwide, LLC ("UNA") is asserting four state law claims, based on diversity jurisdiction, against defendants Robert Orsello and Flux Energy GS, LLC ("Flux"). The claims are for breach of contract (Count I), fraud (Count II), unreasonable and vexatious delay under Section 205/2 of the Illinois Interest Act (Count III), and piercing the corporate veil (Count IV).

As alleged in the complaint, plaintiff UNA is an international marketing company with a network of overseas contacts which it uses to help its clients access international markets. (Cmplt. ¶ 7.) Defendant Flux was founded in 2009 to market a solar power plant called Sun Dial, which was developed by defendant Orsello who is the majority member and manager of Flux. (¶ 8.)

In July 2010, Orsello met with Berchmans Fernandez, the principal of UNA, and they began working together to market Flux to potential investors who would be expected to invest approximately $20 to $30 million for an equity stake in Flux. (¶¶ 9-11.) In July 2011, Flux and UNA entered into an agreement whereby Flux agreed to pay UNA $500,000 if Flux entered into an international joint venture with an investor. (¶¶ 16-17.) Fernandez of UNA marketed Flux to investors in China, specifically including Liuming Liu of the Inner Mongolia Gene Bank Biological Co. Ltd. (¶ 18.) Fernandez, according to the complaint, did much work to cement the relationship – specifically, he "made eight trips to the Far East, participated [in] countless international phone calls and conference calls, performed extensive due diligence, identified and qualified potential investors, met with investors and discussed with them the merits of the deal, marketed Orsello to investors as a technology expert and trustworthy businessman with the [] knowledge and integrity to build a successful business, conducted additional market research, negotiated and re-negotiated several aspects of the then-prospective Joint Venture and worked night and day away from his family for months." (¶ 19.) On December 17, 2011, Flux, UNA, and Mr. Liu entered into a joint venture agreement. (¶ 26.) UNA believes that under the earlier 2011 agreement, its right to be compensated $500,000 accrued upon the signing of this joint venture agreement. (¶ 42.) Defendants refused to pay. In March 2012, Orsello notified Mr. Liu that Flux was no longer willing to participate in the joint venture agreement. (¶ 38.)

**STATEMENT**

The present motion to dismiss is directed at only the veil piercing claim in Count IV, as the defendants have already answered the first three counts. In Count IV, UNA alleges that Flux is inadequately capitalized, that it never issued certificates to minority members, that it granted ownership interests with unknown members without any accompanying documentation, that Orsello failed to observe corporate formalities, that Flux did not maintain accounting records in accordance with generally accepted accounting practices, that Orsello and Flux maintained a separate "set of books" designed to keep capital hidden from creditors, investors, and members of Flux, and that Orsello has rebuffed attempts by members to get up-to-date financial statements about Flux's capital. (¶¶ 56-65.) UNA alleges that Orsello concealed Flux's capital funding so that Orsello could "plead poverty as an excuse not to honor Flux's agreement with UNA and to extort additional capital contributions from Mr. Liu." (¶ 66.)

In considering a motion to dismiss pursuant to Rule 12(b)(6), we must take the allegations of the complaint as true and draw all reasonable inferences in plaintiff's favor. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Although the plaintiff need not plead particularized facts, the plaintiff must set forth enough facts to pass the plausibility standard set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011). The decree of specificity required depends on context and "is not easily quantified." *Id.* at 616-17.

In their opening brief, defendants argue that the veil piercing allegations are boilerplate, formulaic, speculative, and conclusory and thus do not meet the *Twombly* plausibility standard. (Defs. Br. at 6.) Defendants also state that Arizona law (the place of incorporation) is unclear about whether and how corporate veil piercing doctrines apply to limited liability companies like Flux. (*Id.* at 6-7.) This uncertainty in Arizona law, defendants argue, weighs in favor of dismissing the claim. Defendants also assert that plaintiff cannot prove the two requirements to assert a veil piercing claim – namely, that Orsello treated Flux as his "alter ego" and that disregarding Flux's separate legal status is "necessary to prevent injustice or fraud." (*Id.* at 8.) As for the alleged failure to follow corporate formalities and similar allegations, defendants generally argue that these allegations are not surprising because LLCs "are more informal and flexible" by their very nature and because Flux was a "fledgling business" without "excess capital." (*Id.* at 11, 13.)

In response, UNA claims that its allegation that Orsello and Flux kept a "separate set of books" is "just the beginning of the fraud and deception carried out by Orsello." (Pl. Resp. at 1.) UNA's response brief contains a "Supplemental Summary of Facts," elaborating upon and adding new allegations not in the complaint. These include more vivid allegations describing (among other things) a secret investor known as the "Wyoming Wildcat Billionaire" who allegedly contributed money behind the scenes as a "silent partner" and who caused an 11th hour change in the deal. UNA also alleges that Orsello met secretly with the "Sunshine Group," a rival Chinese investment group. UNA believes this was double-dealing expressly prohibited by the joint venture agreement. (*Id.* at 3.) Relying on these bolstered factual allegations, UNA argues that it has plead enough to survive a Rule 12(b)(6) motion. It suggests that the "wise approach" in considering dismissal of a veil piercing claim is to deny the motion. It notes that many of the cases cited in defendants' opening brief were decided either on a summary judgment motion or after a full trial. (*Id.* at 8.)

In their reply, defendants object firstly to the supplemental facts offered by plaintiff, calling them a "slew of new allegations" that may not be considered on a motion to dismiss. (Reply at 4.) Defendants also assert that the veil piercing allegations are based on fraud and thus subject to the heightened pleading standards of Rule 9(b). Beyond these arguments and one other discussed at the end of this ruling, defendants reiterate the arguments made in their opening brief.

After reading the briefs and considering all the arguments, we conclude that the best approach is to deny the motion now and allow the parties to proceed with discovery. The following points support this conclusion. First, dismissal of the veil piercing claim would accomplish little in the practical sense. Defendants have not moved to dismiss the first three counts, which include the fraud claim in Count II. Therefore, either way, the parties will take discovery regarding these same general issues. Moreover, if we

**STATEMENT**

were to dismiss the claim, we would do so without prejudice. Second, as for the assertion that UNA added additional allegations in its response reply brief, this point is true but not dispositive. The Seventh Circuit has held that plaintiffs may add additional facts in their response to a motion to a motion to dismiss *if* "the facts are consistent with the allegations of the complaint." *Help At Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001). This rule allows a court to avoid the unproductive scenario where a plaintiff amends the complaint and the parties then engage in a second round of briefing. At some point, it is better to proceed with discovery rather than going back and forth trying to refine the facts through the briefing process. Third, many of the arguments in the briefs are essentially disputes over the facts and how to characterize them. Fourth, defendants believe the evolving law in Arizona law counsels in favor of dismissing this claim. It is possible that this argument will prove persuasive later on a motion for summary judgment, but on a motion to dismiss it favors the cautious approach recommended by UNA. In short, if both the facts and law are uncertain at this stage of the litigation, it would be difficult for this court to, in effect, aim at two moving targets at the same time. As stated above, the issues will be better framed on a motion for summary judgment where the facts will have been clarified through the discovery process.

    The final issue is jurisdiction. The case was filed based on diversity jurisdiction. UNA alleges that it is an Illinois limited liability corporation with its principal place of business in Chicago and that Orsello resides in Arizona and that Flux is an Arizona limited liability corporation with its principal place of business in Arizona. Defendants in both their reply brief and their answer to the first three counts raise a question about whether UNA or its principal are members of Flux, which if true would destroy diversity jurisdiction. *See* Reply at 2, n.1; Answer at ¶ 4. At this point, defendants have not filed a motion to dismiss for lack of jurisdiction. This is obviously a critical issue that must be addressed at the outset. Therefore, the parties should take discovery first on this issue and resolve it (if necessary, by filing a motion) before engaging in further discovery on the merits.